**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
602-322-4046
www.cavanaghlaw.com

David A. Selden (AZ Bar 007499)
dselden@cavanaghlaw.com
Julie A. Pace (AZ Bar 014585)
jpace@cavanaghlaw.com
Heidi Nunn-Gilman (AZ Bar 023971)
hnunngilman@cavanaghlaw.com
Telephone: (602) 322-4046
Facsimile: (602) 322-4101
Attorneys for Defendant Romulus, Inc. dba IHOP

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ms. Jesus Analy Benitez Montijo, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Romulus, Inc. d/b/a IHOP,<br><br>Defendant. | No. 2:14-CV-00264-PHX-SMM<br><br>**DEFENDANT ROMULUS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Fed.R.Civ.P. 56 and L.R.Civ.P. 56.1, Defendant Romulus, Inc., d/b/a IHOP ("Romulus" or "Defendant") respectfully moves for summary judgment on Claims One and Two of Plaintiff Jesus Analy Benitez Montijo's, First Amended Complaint. Both Claim One and Claim Two are titled "Alleged Fair Labor Standards Act: Minimum Wage Claim," and relate to Defendant paying Plaintiff the tipped minimum wage and taking a tip credit for hours she worked as a server. This case presents the same legal question that this Court decided in *Schaefer v. P.F. Chang China Bistro, Inc.*, No. CV-14-185-PHX-SMM and its companion cases on August 1, 2014. There are no genuine issues of material fact regarding Claims One or Two and, as a matter of law, Defendant is entitled to summary judgment.

6375168_2

This Motion is supported by Defendant's Statement of Facts in Support of its Motion for Summary Judgment ("SOF") and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

This case is one of more than 20 similar actions filed by the same attorney on behalf of tipped employees of various local restaurants alleging that the employees spent more than 20% of their time performing what the First Amended Complaint referred to as non-tipped labor, or alternatively that the servers were engaged in non-tipped "dual occupation" labor, and therefore that the employer wrongfully took a tip credit for those hours and as a result failed to pay the required minimum wage. The First Amended Complaint in this case, like the others, does not allege in Claim One or Claim Two that the employer paid less than the tipped minimum wage for all hours worked.

Romulus is the Defendant in three similar cases, brought by three former servers:

(1) *Benitez v. Romulus*, No 2:14-CV-00264-PHX-SMM;

(2) *Colunga v. Romulus*, No. 2:14-CV-00265-PHX-SMM;

(3) *Sheehan v. Romulus*, No. 2:14-CV-00464-PHX-SMM.

Defendant is submitting a similar Motion for Summary Judgment in the other two cases. In addition, in *Sheehan v. Romulus*, Defendant is requesting summary judgment based on the two-year statute of limitations under the Fair Labor Standards Act.

This Court addressed the same legal questions at issue in Claim One and Claim Two of the instant action in deciding Motions to Dismiss in six cases filed against P.F. Chang China Bistro, Inc. and one case filed against Arriba Enterprises, Inc., No. CV-14-185-PHX-SMM, *et al.* The Court granted the Motion to Dismiss in an order dated August 1, 2014. The Court has already addressed and decided the legal issues in this case, and based on the reasoning from Case No. CV-14-185-PHX-SMM, Defendant Romulus is entitled to summary judgment on Claim One and Claim Two.

## II. STATEMENT OF RELEVANT FACTS.

Defendant Romulus, Inc. ("Defendant" or "Romulus") owns and operates several International House of Pancakes ("IHOP") restaurants. [Defendant's Statement of Facts in Support of Motion for Partial Summary Judgment ("DSOF"), ¶ 1]. Plaintiff Jesus Analy Benitez Montijo ("Plaintiff" or "Ms. Benitez") was employed by Romulus as a server from approximately January 7, 2013 through September 1, 2013. [DSOF ¶ 2]. As a server, Plaintiff was a tipped employee. [DSOF ¶ 3]. As permitted by the Fair Labor Standards Act, 29 U.S.C. § 203(m), and the Arizona Minimum Wage Act, A.R.S. § 23-363(c), Romulus paid Ms. Benitez the required cash minimum wage per hour and took a tip credit of $3.00 per hour. [DSOF ¶ 4].

As a server, Ms. Benitez performed various duties, including but not limited to: taking orders from customers, responding to customer questions or requests, bringing food to customers, ensuring that their drinks were refilled, and otherwise ensuring a superior customer experience, sweeping or cleaning floors in the dining area, lobby, or bathroom, cleaning and filling condiment dispensers, rolling silverware, restocking the beverage line, cleaning and organizing the condiment station, cleaning walls, cleaning bathrooms, cleaning and organizing high chairs and booster seats, and restocking the to go station. [DSOF ¶ 5]. Such duties were generally assigned to servers as part of their regular job duties, and were not unique to Plaintiff. [DSOF ¶ 6]. These duties were an integral part of the server's job duties, and many of these duties are described in the position description and training materials for the servers. [DSOF ¶ 6].

Plaintiff was employed at Romulus as a server. [DSOF ¶ 2]. Servers are tipped employees as defined by the FLSA at 29 U.S.C. § 203. [DSOF ¶ 3]. Plaintiff admits that she was paid at least the tipped minimum wage (minimum wage less the $3.00/hour tip credit allowed in Arizona) for all hours worked while on the clock at Romulus. [DSOF ¶ 4][1] Therefore, the sole issue is whether under the Fair Labor Standards Act, Romulus properly took a tip credit for all hours worked by Plaintiffs in her occupation as a server.

---

[1] Claim Three in Plaintiff's First Amended Complaint, which is not at issue here, alleges off-the-clock work for which Plaintiff was allegedly not paid. Defendant denies the

6375168_2                                    3

**III.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON CLAIM ONE AND CLAIM TWO BECAUSE PLAINTIFF WAS EMPLOYED IN A TIPPED OCCUPATION AND WAS PAID THE MINIMUM WAGE FOR EVERY WORKWEEK.**

**A.  There Is No Genuine Issue of Material Fact and Romulus Is Entitled to Judgment as a Matter of Law.**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  There are no genuine issues of material fact; Plaintiff's own pleadings, admissions, and response to interrogatories are the primary sources for the facts at issue in this Motion for Partial Summary Judgment.  Plaintiff concedes that she received the minimum wage applicable to tipped occupations for all hours worked on the clock at Romulus. [DSOF ¶ 4].  Because Plaintiff was employed in a tipped occupation as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(t), Romulus was lawfully permitted to take a tip credit for all hours worked in the tipped occupation under 29 U.S.C. § 203(m).

**B.  Plaintiff Admits to Receiving the Tipped Minimum Wage from Romulus.**

The Fair Labor Standards Act ("FLSA") requires employers to pay non-exempt employees a minimum wage.  29 U.S.C. § 206. Section 3(m) defines wages for tipped employees as follows:

> In determining the wage an employer is required to pay a tipped employee the amount paid to such employee by the employee's employer shall be an amount equal to—
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the

---

allegations, but they are not at issue in this Motion for Partial Summary Judgment.

6375168_2                                      4

wage specified in paragraph (1) and the wage in effect under Section 206(a)(1) of this title.

29 U.S.C. § 203(m). Thus, under the FLSA, if an employee is a tipped employee, the employer must pay the employee a cash wage of at least $2.13/hour and ensure that the tips received by the employee, when added to the cash wage from the employer, are at least equal to the federal minimum wage. If the tips are not sufficient to meet the minimum wage, the employer must pay the difference between the tips and minimum wage as part of the cash wage paid by the employer. *Cumbie v. Woody Woo, Inc.* 596 F.3d 577, 580 (9th Cir. 2010); *Roberts v. Apple Sauce, Inc.*, 945 F. Supp.2d 995, 1000 (N.D. Ind. 2013). Under Arizona law, an employer may take up to $3.00 per hour tip credit, and must pay the current Arizona minimum wage minus the $3.00 per hour tip credit as a cash wage. A.R.S. § 23-363. Plaintiff's First Amended Complaint states that as a server, she was a tipped employee as defined by the FLSA, 29 U.S.C. § 203. [DSOF ¶ 3]. **Plaintiff admits to receiving the minimum wage applicable to tipped occupations for all hours worked on the clock at Romulus**. [DSOF ¶ 4].

### C. Even if Plaintiff Spent More than 20% of Her Time Performing Side Work, She Was a Tipped Employee and Received the Full Minimum Wage on a Work Week Basis, and Therefore Romulus is Entitled to Summary Judgment on Claim One.

Plaintiff's First Amended Complaint concedes that she was a server, and that as a server she was a tipped employee as defined by the FLSA, 29 U.S.C. § 203. [DSOF ¶ 3]. Plaintiff further concedes that she received the full minimum wage for all hours worked on the clock at Romulus. [DSOF ¶ 4].

Plaintiff alleges that because she spent more than 20% of her time performing side work, she was entitled to the full hourly minimum wage without a tip credit for the hours spent performing side work. As this Court already noted in *Schaefer v. P.F. Chang China Bistro, Inc.*, CV-14-185-PHX-SMM (Order, Aug. 1, 2014), the minimum wage requirement applies to a *work week*, not specific hours within the work week. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981); *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1961); 29 U.S.C. § 206(a)(1). "Thus under § 203(m)'s

tip credit, employers may pay tipped employees at an hourly wage below the minimum wage, provided that for the workweek the hourly wage and the employees' tips, taken together are at least equivalent to the minimum wage." *Schaefer v. P.F. Chang China Bistro, Inc.*, CV-14-185-PHX-SMM (Order, Aug. 1, 2014 at p. 9, lns. 17-20). Because Plaintiff concedes that she was paid the full minimum wage for all hours she worked on the clock (and the alleged off-the-clock work is not at issue in Claim One). Romulus is entitled to Summary Judgment on Claim One for the same reasoning applied by this Court in *Schaefer v. P.F. Chang China Bistro, Inc.*

### D. Plaintiff was not Engaged in Dual Jobs for Romulus, and Therefore Romulus is Entitled to Summary Judgment on Claim Two.

Plaintiff's First Amended Complaint concedes that she was a server, and that as a server she was a tipped employee as defined by the FLSA, 29 U.S.C. § 203. [DSOF ¶ 3]. Plaintiff, however, relying on regulations relating to tipped employees who hold dual jobs for an employer and upon the DOL Field Operations Handbook, alleges that she performed non-tipped labor for which no tip credit is allowed. Plaintiff alleges that Romulus owes her the full minimum wage, without tip credit, for hours spent performing what she contends should be classified as "non-tipped labor."

The FLSA regulations contemplate a situation in which the same employee is engaged in two distinct occupations for the employer, with different duties for each occupation. The FLSA regulations relating to "dual jobs" provide the following:

> (e) Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a

tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e). Under the FLSA regulations, an employer is permitted to take a tip credit for the time the employee spends in the tipped *occupation*, even if the tasks being performed "are not themselves directed toward producing tips." *Id.* The full minimum wage, without tip credit, is due only for hours spent in a separate *occupation*, such as that of a maintenance staff.

Plaintiff does not allege that she was employed by Romulus as anything other than a server. [DSOF ¶ 2]. In Claim Two, Plaintiff alleges only that she performed labor that she classifies as "unrelated to" her tipped occupation and part of a "dual occupation." [DSOF ¶ 7]. The duties that Plaintiff alleges in her Claim Two were "dual occupation" labor are in fact duties that are regularly assigned to servers and part of the regular tasks of the servers at Romulus. [DSOF ¶¶5-6]. Plaintiff was not engaged in dual occupations for Romulus. She was engaged only in the *occupation* of server, performing tasks routinely assigned to servers. This is not the situation contemplated in the FLSA regulations where an individual is engaged in two distinct *occupations*, and therefore 29 C.F.R. § 531.56(e) does not apply.

Similar to the plaintiffs in *Schaefer v. P.F. Chang China Bistro, Inc.*, CV-14-185-PHX-SMM, in Claims One and Two Plaintiff is not bringing a claim under 29 U.S.C. § 206(a) that she was not paid minimum wage, but rather a claim solely under 29 U.S.C. § 203(m) that there were hours for which the employer should not have take tip credit. In *Schaefer*, this Court correctly declined to follow § 30d00(e) of the DOL Field Operations Handbook. The Field Operations Handbook is a not a regulation, has not been through the required notice and comment period for rulemaking, and is nothing more than a commentary by the DOL. *Dager v. City of Phoenix*, 646 F. Supp. 2d 1085, 1093-94 (D. Ariz. 2009), *aff'd*, 2010 U.S. App. LEXIS 10981 (9th Cir. 2010). Section 30d00(e) is subject to change by the DOL Administrator at any time. Further, the DOL Administrator's opinion, as stated in § 30d00(e), is contrary to the tipped employee regulations in 29 C.F.R. § 531.56, which have been adopted through the formal rulemaking

process. For the reasons set out by the Court in *Schaefer v. P.F. Chang China Bistro, Inc.*, CV-14-185-PHX-SMM (Order dated August 1, 2014), Romulus is entitled to summary judgment on Claim Two in Plaintiff's First Amended Complaint.

### IV. CONCLUSION.

Plaintiff was employed by Romulus as a server, an admittedly tipped occupation. Plaintiff admits to being a tipped employee. Plaintiff further admits to having received the full tipped minimum wage for each workweek. Because there was no violation of 29 U.S.C. § 206(a), and for the further reasons set forth by this Court in *Schaefer v. P.F. Chang China Bistro, Inc.*, CV-14-185-PHX-SMM, Romulus respectfully urges the Court to grant its Motion for Partial Summary Judgment.

RESPECTFULLY SUBMITTED this 29th day of August, 2014.

THE CAVANAGH LAW FIRM, P.A.


By: /s/David A. Selden
    David A. Selden
    Julie A. Pace
    Heidi Nunn-Gilman
    Attorneys for Defendant Romulus, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2014, I electronically transmitted the attached to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Clifford P. Bendau, II
>The Bendau Law Firm, PLLC
>6350 E. Thomas Rd., Ste. #330
>Scottsdale, Arizona 85251
>cliffordbendau@bendaulaw.com
>Attorney for Plaintiffs

A courtesy copy with a copy of the Notice of Electronic filing was also **mailed** to the Hon. Stephen M. McNamee on this same date at the following address:

>The Hon. Stephen M. McNamee
>United States District Court
>Sandra Day O'Connor U.S. Courthouse, Suite 423
>401 West Washington Street, SPC 60
>Phoenix, AZ 85003-2158

/s/Michelle Bryant