Clifford P. Bendau II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Analy Benitez Montijo, | No. 2:14-CV-00264-PHX-SMM |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Romulus, Inc., | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 56 and L. R. Civ. P. 56.1, Plaintiff, Jesus Analy Benitez Montijo ("Plaintiff" or "Montijo"), respectfully moves for summary judgment on Count II of her First Amended Complaint. Montijo asserts, and Defendant admits, that Montijo was required to perform duties completely unrelated to her tipped occupation such that Defendant was not entitled to take the tip credit from Montijo's wages for the time she performed those duties.

This Motion is supported by Plaintiff's Statement of Facts in Support of her Motion for Summary Judgment ("SOF") and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction**

A job title is just that – a title. A job title merely infers that an employee is likely to perform labor that ordinarily falls within the scope of that job title. The label "server" does not guarantee that the labor involved with a particular serving position is limited to the scope of that label. And, often, employers of servers deliberately exceed this scope because they're allowed to pay less than minimum wage, and hide behind what they call "industry standard."

The FLSA imposes minimum compensation standards upon employers in order to eradicate exploitation by employers of their employees. For FLSA purposes, a job title is only relevant where an employee is paid less than the statutorily required minimum wage as a result of performing labor in a customarily tipped occupation. A job title in and of itself does not necessarily define the occupation in which an employee works. However, Defendant proceeded on that assumption because it was incentivized to label servers as tipped employees, allow them to receive and claim enough money in tips to equal the minimum wage in a workweek, and then force them to engage in maintenance work for the rest of that workweek. Janitors cost more than servers.

Montijo was engaged in "dual jobs," despite being labeled by Defendant as only a "server." She engaged in non-tipped labor unrelated to her tipped occupation (*e.g.*, cleaning restrooms, scrubbing walls, cleaning air vents, and deep cleaning floors). Because Montijo was engaged in dual jobs, one of which was a non-tipped occupation in which she did not customarily and regularly receive tips, yet received only the tip credit minimum wage while engaged in that non-tipped occupation, Montijo's wages necessarily fell below the overall minimum wage for her regular 40-hour workweek, such that the average of her hourly wages when averaged across the total time work was less than the overall minimum wage.

Defendant was only entitled to take a maximum tip credit of $3.00 per hour pursuant to Arizona law for labor Montijo performed while engaged in a tipped occupation. Arizona Revised Statutes ("ARS") § 23-363(C), FLSA 29 U.S.C. § 203(m). There is no genuine issue of material fact as to whether Montijo was required to perform duties unrelated to Montijo's tipped occupation. Montijo is therefore entitled to the full minimum wage, rather than the tip credit minimum wage, for all time spent performing non-tipped labor unrelated to her tipped occupation.

**II.   Facts**

Defendant employed Montijo and paid her as a server from approximately January 7, 2013 through September 1, 2013. [Plaintiff's Statement of Facts in Support of her Motion

for Summary Judgment ("SOF") ¶ 1]. With respect to Montijo's performance of tipped labor and non-tipped labor related to serving tables that did not exceed 20 percent of her regular 40-hour workweek, Montijo was a tipped employee as defined by the FLSA 29 U.S.C. § 203(t). However, and despite being labeled a server, Montijo was engaged in a non-tipped occupation for time she spent performing labor unrelated to serving tables. In that respect, her job title was a misclassification.

Throughout Montijo's employment, Defendant required her to regularly and consistently perform non-tipped labor unrelated to her tipped occupation, including, but not limited to, cleaning restrooms, including floors, walls, toilets, sinks, and mirrors in both the men's and women's restrooms; scrubbing walls; sweeping carpet; cleaning air vents and mopping and scrubbing floors. [SOF ¶ 2]. These duties are completely unrelated to serving tables. Therefore, there is no genuine issue of material fact as to whether Montijo was engaged in a non-tipped occupation for the periods of time during which she performed these duties, and Montijo is entitled to Judgment as a matter of law.

**III. Plaintiff is entitled to Summary Judgment on Count II because Defendant admits that Plaintiff was engaged in non-tipped labor completely unrelated to her tipped occupation.**

**a.   Standard of Review**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

3

### b. Under *Fast*, *Crate*, *Driver*, and *Dole*, Defendant's admission that Plaintiff regularly cleaned restrooms, scrubbed walls, and cleaned floors leaves no room for Defendant to dispute that Plaintiff was engaged in a non-tipped occupation.

Defendant admits the allegations contained in Count II of Montijo's First Amended Complaint –that Plaintiff was required to clean restrooms, scrub walls, clean air vents, and clean floors regularly, consistently, and throughout her employment– but then goes on to state that Count II fails to state a claim. [SOF ¶ 2]. However, Defendant mistakenly asserts that these tasks are incidental to serving food to customers– that Defendant was entitled to completely overreach the permissible scope of the tip credit and unilaterally determine that cleaning toilets is somehow incidental to and part of the natural course of handling food and beverages, interacting with customers, and refilling condiments.

Defendant makes this unreasonable assertion in order to avoid confronting the actual issue at hand– its clear incentive to pay its servers at the tip credit rate in order to avoid paying janitors nearly twice as much at minimum wage to perform the same labor. As *Driver v. AppleIllinois, LLC* court so aptly states, "[t]here is an obvious financial incentive to avoid scheduling minimum wage employees if tipped employees can be required to do the work at the tip credit rate." *Driver v. AppleIllinois, LLC*, 890 F.Supp.2d 1008, 1031 (N.D. Ill. 2012).

"There is no reasonable argument that cleaning bathrooms is related to occupations where food and beverages are handled even if both the bathroom and the food promote a customer's enjoyment of the restaurant." *Fast v. Applebee's Intern., Inc.*, 2010 WL 816639, 6 fn. 7 (W.D. Mo. 2010), *aff'd on appeal, Fast v. Applebee's Intern., Inc.*, 638 F.3d 872 (7th Cir. 2012).

Defendant claims that every duty Montijo was required to perform fits within the scope of "incidental" or "related" to her tipped occupation, and that there is no clear diving line between tipped and non-tipped duties. However, without even considering the "20 percent" rule (which Montijo is not asserting for the purposes of this Motion), the court in *Driver v. AppleIllinois* held that "it is possible to identify certain duties that clearly are not part of the occupation of a tipped employee." *Driver v. AppleIllinois, LLC*, 890 F.Supp.2d 1008, 1031 (N.D. Ill. 2012). "The implication (of 29 C.F.R. §531.56(e)) is that the tip credit may

4

not be taken for time spent in duties unrelated to the tipped occupation. *See, e.g., Dole v. Bishop*, 740 F.Supp 1221, 1228 (S.D. Miss. 1990) (time spent cleaning bathrooms and preparing food must be paid at minimum wage because those tasks are not incidental to servers' tipped duties)." *Id.* See also, *Crate v. Q's Restaurant Group LLC*, No. CV-8:13-2549, 2014 U.S. Dist. Lexis 61360 (M.D.Fl. May 2, 2014) (attached as "**Exhibit A**") ("The distinction between…tipped duties…and non-tipped duties unrelated to the tipped occupation is important…Defendant may not utilize the tip credit for any of the time the servers spent performing non-tipped duties unrelated to the tipped occupation").

*Driver* lists non-tipped labor which clearly is unrelated to serving tables, many of which are duties that Defendant admits it required Montijo to regularly perform. The list includes, but is not limited to:

- Cleaning bathrooms, including toilets, sinks, mirrors and urinals;
- Wiping down walls…
- Mopping or scrubbing floors…
- Restocking bathrooms…"

*Id.* at 1031-32.

Similarly, there is no genuine issue of material fact, and Defendant readily admits, that Defendant required Montijo to perform each and every one of these tasks regularly and consistently, and throughout her employment with Defendant. [SOF ¶ 2]. As such, Montijo is entitled to Summary Judgment on Count II of her Amended Complaint as a matter of law.

**IV.   Conclusion.**

For these reasons, Montijo requests that the Court grant her Motion for Partial Summary Judgment as to Count II of her First Amended Complaint.

DATED this 22nd day of October 2014.

THE BENDAU LAW FIRM PLLC

/s/*Clifford P. Bendau II*
Clifford P. Bendau II
Attorney for Plaintiff

**Certificate of Service**

I certify that on this 22nd day of October 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David A. Selden
Julie A. Pace
Heidi Nunn-Gilman
THE CAVANAGH LAW FIRM, PA
1850 N. Central Ave., Ste. 2400
Phoenix, AZ 85004-4527
Attorneys for Defendant


/s/*Clifford P. Bendau II*