Clifford P. Bendau II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Analy Benitez Montijo,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Romulus, Inc.,<br><br>　　　　Defendant. | No. 2:14-CV-00264-PHX-SMM<br><br>**PLAINTIFF'S INDEX OF EXHIBITS** |

| **Exhibit No.** | **Description** |
|---|---|
| 1 | Defendant's Responses to Plaintiff's First Set of Requests for Admission |

# EXHIBIT 1

THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4009
www.cavanaghlaw.com

David A. Selden (AZ Bar 007499)
dselden@cavanaghlaw.com
Julie A. Pace (AZ Bar 014585)
Jpace@cavanaghlaw.com
Heidi Nunn-Gilman (AZ Bar 023971)
hnunngilman@cavanaghlaw.com
Facsimile: (602) 322-4101

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ms. Jesus Analy Benitez Montijo, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Romulus, Inc. d/b/a IHOP,<br><br>Defendant. | NO. 2:14-CV-00264-SMM<br><br>**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT** |

Defendants Romulus, Inc. referred to herein as "Defendant," pursuant to Fed. R. Civ. P. 36, hereby respond to Plaintiff's First Requests for Admission to Defendant. Defendant reserve the right to supplement these responses.

**PRELIMINARY STATEMENT**

The responses and objections provided herein are made solely for the purposes of this action. Defendant has not completed its investigation of the facts relating to Plaintiff's allegations, has not completed discovery in this case, and has not completed preparation for trial. All of the answers provided herein are based only upon such information and documents as are presently available to Defendant.

The following answers are given without prejudice to Defendant's right to produce evidence of subsequently discovered facts or facts which Defendant may later recall or

6312382_2

retrieve. Defendant accordingly reserves the right to change any and all answers herein as additional facts are ascertained.

Defendant generally objects to each of the requests for admissions herein to the extent that the request seeks information shielded from disclosure by any applicable privileges, including the attorney-client privilege, and to the extent that each interrogatory seeks information shielded from disclosure by the attorney work-product doctrine. Defendant also objects to the extent that each request for admission seeks proprietary, confidential, or otherwise sensitive business information of Defendant. Plaintiff has not provided any assurances that Defendant's proprietary, confidential, or otherwise sensitive information will not be disclosed to third parties or that its use would be limited to purposes of this litigation only.

Defendant also objects to the extent that Plaintiff's instructions and requests purport to impose on Defendant obligations that exceed what is permissible or required by the Federal Rules of Civil Procedure.

Defendant also generally objects to each of the requests for admission herein as vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. These general objections are incorporated into each answer herein. The fact that these objections may also be recited in the answer to one or more requests for admissions does not limit the fact that all of the above-referenced objections are incorporated into each and every response.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**NO. 1:** Defendant does not have a detailed, accurate time record for all hours worked by Plaintiff.

ADMIT _____    DENY \_\_\_\_X\_\_\_\_

**Defendant has a point of sale system in which employees clock in and clock out and record hours worked. Defendant is producing accurate time records for Plaintiff with Defendant's Response to Plaintiff's Request for Production.**

**NO. 2:** Plaintiff performed non-tipped labor which regularly exceeded 20% of the total time worked.

ADMIT _____ DENY ___X___

**Defendant objects to Request No. 2 as vague and ambiguous with respect to the meaning of non-tipped labor and the meaning of regularly. Notwithstanding the foregoing and without waiver thereof, Defendant denies Request No. 2.**

**NO. 3:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to clean restrooms.

ADMIT ___X___ DENY _____

**NO. 4:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to clean air vents.

ADMIT ___X___ DENY _____

**NO. 5:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to deep clean floors.

ADMIT ___X___ DENY ___X___

**Admit to the extent that the Plaintiff is using the term "deep clean" in the same manner that Romulus does, but otherwise deny the request.**

**NO. 6:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to clean the lobby of the location at which Plaintiff worked.

ADMIT ___X___ DENY _____

**NO. 7:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to wash plates, glasses, and/or silverware during Plaintiff's scheduled shift.

ADMIT ___X___ DENY _____

**NO. 8:** On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to dust during Plaintiff's shift.

ADMIT ___X___ DENY _____

1     **NO. 9:**    On at least one occasion, Plaintiff was directed by Defendant, its managers, or agents to scrub walls during Plaintiff's shift.

    ADMIT ___X___    DENY _____

**NO. 10:**    Defendant directed Plaintiff to regularly bus her own tables.

    ADMIT ___X___    DENY _____

**NO. 11:**    Defendant, its managers, or agents failed to inform Plaintiff of the amount of cash wage that was to be paid to Plaintiff by Defendant prior to taking the tip credit from Plaintiff's minimum wage.

    ADMIT _____    DENY ___X___

**Defendant provides its employees, including Plaintiff, with a Handbook that contains a policy identifying the cash wage and tip credit paid to servers, including Plaintiff. Defendant is producing the Handbook with Defendant's Response to Plaintiff's Request for Production.**

**NO: 12:**    Defendant, its managers, or agents failed to inform Plaintiff of the additional amount by which the wages of Plaintiff were increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received by Plaintiff.

    ADMIT _____    DENY ___X___

**Defendant provides its employees, including Plaintiff, with a Handbook that contains a policy identifying the cash wage and tip credit paid to servers, including Plaintiff. Defendant is producing the Handbook with Defendant's Response to Plaintiff's Request for Production.**

**NO. 13:**    Defendant, its managers, or agents failed to inform Plaintiff that all tips received by Plaintiff must be retained by Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

    ADMIT _____    DENY ___X___

**Defendant provides its employees, including Plaintiff, with a Handbook that contains a policy identifying the cash wage and tip credit paid to servers, including**

**Plaintiff, and contains a statement that tips are to be retained by servers. Defendant is producing the Handbook with Defendant's Response to Plaintiff's Request for Production.**

<u>NO. 14</u>:   Defendant, on at least one occasion, directed Plaintiff to clock out when the restaurant was not busy yet remain on premises until customers came to the restaurant.

ADMIT _____        DENY ___X___

RESPECTFULLY SUBMITTED this 10th day of June, 2014.

THE CAVANAGH LAW FIRM, P.A.

By: _____
David A. Selden
Julie A. Pace
Heidi Nunn-Gilman

Attorneys for Defendant

ORIGINAL of the foregoing mailed this 10th day of June, 2014, to:

Clifford P. Bendau II
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Attorneys for Plaintiff

_____

6312382_2

5

## VERIFICATION

I, Denyse Lujan, in my individual capacity and in my capacity as Human Resources Manager of Romulus, Inc. hereby declare that I have read the foregoing Responses to Plaintiff's First Set of Request for Admission to Defendant and that its contents are true and accurate to the best of my knowledge in light of the facts known to me and the investigation I have undertaken into this case thus far.

_/s/ Denyse Lujan_
Denyse Lujan